Eastern District of Kentucky
**FILED**

JUN 22 2023

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 6:23-cr-00033-REW

███████████████████████ SATISHKUMAR RAMESHCHANDRA PATEL

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## Introduction

1. ████████████████████████████████ and **SATISHKUMAR RAMESHCHANDRA PATEL**, and others known and unknown to the Grand Jury, worked as a group to target victims throughout the United States, with the objective of defrauding the victims into sending large sums of money. These victims were usually deceived over the telephone into believing their Social Security Numbers or identities were associated with criminal activities. They were then convinced to send funds usually in the form of cash and prepaid debit cards to addresses throughout the United States, including in the Eastern District of Kentucky. At times, the co-conspirators instructed the victims to make bank deposits and wires, as well.



3. SATISHKUMAR RAMESHCHANDRA PATEL ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to retrieve packages sent from victims of the fraud.

4. At all relevant times, Victim #1, a female senior citizen, lived in Texas. She received all phone calls in and sent all mail from Texas. At all relevant times, Victim #2 was also a female resident of Texas. She received all phone calls in and sent all mail from Texas. At all relevant times, Victim #3, a female senior citizen, lived in California. She received all calls in and sent all mail from California.

## COUNT 1
## 18 U.S.C. § 1349

5. Paragraphs 1 through 4 are re-alleged and incorporated by reference as if fully set forth herein.

6. Beginning on a date unknown, but no later than July of 2017, and continuing through at least August 6, 2021, in Pulaski County, in the Eastern District of Kentucky, and elsewhere, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ SATISHKUMAR RAMESHCHANDRA PATEL and others known and unknown to the Grand Jury, willfully and knowingly conspired and

agreed together and with each other to commit:

(a) wire fraud, that is, knowingly and with the intent to defraud, devising and intending to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and, for the purpose of executing the scheme, did transmit and cause to be transmitted by means of wire communication in interstate commerce, signals and sounds described below, in violation of Title 18, United States Code, Section 1343; and

(b) mail fraud, that is, knowingly and with the intent to defraud, devising and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme to defraud, did cause to be used the United States mail and private and commercial interstate carriers, in violation of Title 18 United States Code, Section 1341.

### Purpose of the Conspiracy

7. It was the purpose of the conspiracy to entice victims based throughout the United States to send money to the co-conspirators for the profit of the conspiracy's members.

### Manner and Means

8. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

9. Co-conspirators would place phone calls to victims located throughout the

United States, and make false and fraudulent statements and promises, including:

    a) The caller was a United States government employee, working for such agencies as the Federal Bureau of Investigation, Social Security Administration, and Internal Revenue Service;

    b) The victim had a substantial sum of money deposited into her account that she needed to refund;

    c) The victim's social security number had been found in the commission of a drug trafficking offense and a warrant had been issued to arrest the victim;

    d) The victim owed substantial sums to the Internal Revenue Service and a warrant had been issued to arrest the victim; and/or

    e) In order to protect the victim's funds from confiscation from the government, the victim needed to send their savings to a controlled location.

10. Victims defrauded by this conduct transferred money to locations throughout the country, including the Eastern District of Kentucky. Often the transfer of money was in the form of cash, being mailed through Federal Express ("FedEx") or UPS, to retail stores such as Dollar General, FedEx delivery locations, or apartment buildings.

11. The packages were addressed to fake identities. Those retrieving the packages would possess fake forms of identification matching the addressee on the labels.

12. In or around August 2021, Victim #1 was told she had $48,000 deposited into her account that was an overpayment for a refund. Victim #1 was instructed to return the overpayment by sending two packages to specified individuals at specified addresses. According to these instructions, Victim #1 sent one package addressed to "Mark Wilson"

to an address in Pulaski County, Kentucky belonging to a Dollar General.

13. Phone records demonstrate that co-conspirators in India used the same phone number to call Victim #1 during the course of defrauding her into sending money, and then also call the Dollar General store in Pulaski County, Kentucky to track the package she sent.

14. In or around August 2021, Victim #2 received a phone call and was advised her identity had been stolen and used to cross the U.S. border couriering drugs. Per the advice of the caller, Victim #2 withdrew $12,000 and mailed the funds to a government locker, to a person named "John Amorin" located in London, Kentucky through FedEx.

15. Phone records demonstrate that co-conspirators in India used the same phone number to call Victim #2 during the course of defrauding her into sending money, and then also call the FedEx store in London, Kentucky to track the packages Victim #2 sent.





20. In or around December 2018, Victim #3 received a call from an individual purporting to be from the Social Security Administration about a warrant out for her arrest due to her Social Security Number being found in the course of a crime. She was induced to send approximately $380,000 over the course of several shipments to secure her savings, to addresses in the Chicago, Illinois area, addressed to "John Harper" and "Martin Smith".

21. On or around December 10, 2018, **SATISHKUMAR RAMESHCHANDRA PATEL** picked up a package addressed to "Martin Smith" at the address of an apartment complex in Itasca, Illinois, where he did not live. The package was determined to contain $50,000. He left the apartment building carrying the package under his shirt,

22. On numerous other occasions, **SATISHKUMAR RAMESHCHANDRA PATEL** picked up packages containing money sent by victims of this crime to aliases and at addresses where he did not live.

All in violation of Title 18, United States Code, Section 1349.

### FORFEITURE ALLEGATION
### 18 U.S.C. § 981(a)(1)(C)
### 28 U.S.C. § 2461

1. By virtue of the commission of the offense alleged in Count 1 of the Indictment, ▮▮▮▮▮▮▮▮ and **SATISHKUMAR RAMESHCHANDRA PATEL** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 1349. Any and all interest that ▮▮▮▮▮▮▮▮ and **SATISHKUMAR RAMESHCHANDRA PATEL** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT**:

A forfeiture money judgment in an amount representing the gross proceeds obtained by Defendant ▮▮▮▮▮▮▮▮ and Defendant **SATISHKUMAR RAMESHCHANDRA PATEL** as a result of the fraud offense.

3. If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been

commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████

FOREPERSON

*[signature]*

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:** Imprisonment for not more than 20 years, fine of not more than $250,000 or twice the amount of gross gain or loss, and supervised release for not more than 3 years.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.